IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


GLEN P. BARTLETT,

    Plaintiff,

vs.	Case No. 4:08cv47-RH/WCS

APALACHEE CENTER, INC.,

    Defendant.

_____/

## AMENDED REPORT AND RECOMMENDATION

On October 15, 2008, I entered a report and recommendation, doc. 32, on Defendant's motion to dismiss, doc. 22.  Just after the report and recommendation was filed, Plaintiff filed a notice of change of address, doc. 33, a motion to amend the title of his previously filed "motion to deny Defendant's motion to dismiss," doc. 34, and an "amended motion to deny Defendant's motion to dismiss," doc. 35, which is construed as a motion for reconsideration.

Plaintiff's motion to amend the title of his previously filed response, doc. 34, is denied.  The document was appropriately considered even though Plaintiff incorrectly titled it.  The motion has been denied in a separate order.

As for the motion which is construed as a motion for reconsideration, doc. 35, Plaintiff provides no basis to vacate the prior report and recommendation, doc. 32.

While Plaintiff provides argument, he does not provide a valid basis to find that the doctrine of *res judicata* should not apply in this case.  Defendant had sought to dismiss the second amended complaint, doc. 12, for failure to state a claim upon which relief may be granted.  Doc. 22.  The arguments presented there were correct and Plaintiff is not entitled to relief.

**Allegations of the second amended complaint, doc. 12**

Plaintiff seeks a declaratory and monetary judgment, alleging that after he sought a disclosure of his own mental health records, Defendant failed to disclose the records and willfully refused to respond to his records request.  Doc. 12, pp. 4, 6.  Plaintiff argues he is "entitled to disclosure of confidential medical records" and claims the failure to provide the records injured him to the extent that he was "unable to provide evidence in support of his direct appeal, collateral attack on his conviction . . . ." *Id.*, at 7.  Plaintiff contends that had the documents been provided to him, he would have "provided exculpatory evidence in support of his actual innocence claims." *Id.*

**Arguments of the motion to dismiss, doc. 22**

As noted by Defendant, Plaintiff seeks to bring claims under the Freedom of Information Act (5 U.S.C. § 552) and 42 U.S.C. § 1983.  Doc. 22, p. 1.  This is not the first time Plaintiff has sued the Defendant, as Plaintiff previously sued the Apalachee Center and an employee, Emma Ansley, and claimed there that those defendants "withheld his psychiatric records, which prevented or hindered the defense of his criminal case."  Doc. 22, p. 2, *citing* case number 4:06cv539-MP/WCS.  Defendant argues this action "is barred as a matter of law by the doctrine of res judicata." *Id.*

Defendant also asserts that the complaint fails to state a claim because only agencies of the federal government are government by the Freedom of Information Act. Doc. 22, p. 2. Because the Center is not a federal agency, the Act does not apply. Secondly, Defendant argues that Plaintiff cannot pursue his § 1983 claim because Plaintiff does not have a federal constitutional right to the records. *Id.* Defendants requests that Plaintiff's case be dismissed.

**Analysis**

Judicial notice is taken that Plaintiff previously filed a case in this court, case number 4:06cv539-MP/WCS. That case presented numerous claims joined together, and my prior report and recommendation found that Plaintiff did not allege the violation of a constitutional right. Doc. 25 of that case. Although Plaintiff had many other claims in that case, Plaintiff did allege essentially the same claim he raises here – that documents were requested, but not provided by the Apalachee Center, and the documents would have provided evidence to support his defense to criminal charges. In particular, he alleged that he:

> requested confidentual files from Apalachee Mental Health and realized that nine confidentual medical forms were missing. All nine forms where subject's that would have proven Defendant's claim's. Even the medication log form was missing.

Doc. 13 in case number 4:06cv539 (amended complaint), p. 8 (as in the original).

Under the doctrine of *res judicata,* a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), *quoted in* San Remo Hotel, L.P. v. City and County of San Francisco, Cal.,

545 U.S. 323, 336, n.16, 125 S.Ct. 2491, 2500 (2005).  Plaintiff could have asserted these claims in case number 4:06cv539-MP/WCS.[1]  *Res judicata* is an appropriate basis for dismissal of this action and dismissal should count as a strike pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[2]

Even if *res judicata* were not to apply here, the Freedom of Information Act applies only to agencies of the federal government.   It does not apply to non-federal agencies.  5 U.S.C. § 551; 5 U.S.C. § 552(a).  "The Freedom of Information Act (FOIA) accords 'any person' a right to request any records held by a federal agency."  5 U.S.C. § 552(a)(3)(A) (2006 ed.), *quoted in* Taylor v. Sturgell, 128 S.Ct. 2161, 2167 (2008).  Indeed, the very purpose of the Act is to "ensure an informed citizenry," and provides a means for the "citizens to know that the Government is up to."  News-Press v. U.S. Dept. of Homeland Sec., 489 F.3d 1173, 1190 (11th Cir. 2007), *quoting* NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), and Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 171-72, 124 S.Ct. 1570, 158 L.Ed.2d 319 (2004).  Because Defendant is not a federal agency, the Act does not provide any basis for a claim.

Plaintiff's claims brought under § 1983 are also insufficient.  While Plaintiff has a right to present evidence in his defense to state criminal charges, Plaintiff has not

---

[1] The claims were dismissed by a court of competent jurisdiction over the matter, the parties were the same in both suits, there was a final judgment entered, and Plaintiff brings the same cause of action.  Res judicata applies in this situation.  *See* Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

[2] Duplicative actions are "malicious" under the PLRA.  Banks v. County of Allegheny, 568 F.Supp.2d 579 (W.D. Pa. 2008); McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997).

shown that the failure to have certain documents would have precluded Plaintiff from presenting his defense, considering Plaintiff *had a lawyer* in the criminal proceeding, and his lawyer presumably could have obtained relevant documents on Plaintiff's behalf.[3]  Moreover, Plaintiff does not have a constitutional right to obtain documents from the Defendant.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss, doc. 22, be **GRANTED,** and Plaintiff's second amended complaint, doc. 12, be **DISMISSED** because the claims are either barred by the doctrine of *res judicata* or the complaint fails to state a claim, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on October 28, 2008.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[3] Judicial notice is taken that one of the documents Plaintiff submitted in his prior case, 4:06cv539-MP/WCS, was a letter revealing that Plaintiff was represented by the Public Defender's Office for the Second Judicial Circuit of Florida.  Plaintiff entered a plea in his case.  Doc. 9, p. 3, case 4:06cv539.